IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **KATHY HANSEN,** <br> *Plaintiff,* <br><br> vs. <br><br> **METROPOLITAN LIFE** <br> **INSURANCE COMPANY,** <br> *Defendant.* | Case No. 3:15-0880 <br> Judge Campbell/Knowles |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), Plaintiff Kathy Hansen ("Plaintiff") and Defendant Metropolitan Life Insurance Company ("Defendant" or "Met Life") respectfully submit the following proposed initial case management order for the Court's consideration. An initial case management conference is scheduled in this case for October 6, 2015, at 11:00 a.m.

1. **Jurisdiction.** This lawsuit originally was filed in the Circuit Court of Davidson County, Tennessee and was removed to this Court by the Defendant pursuant to 28 U.S.C. §§1441 and 1446. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132 (federal question) and 28 U.S.C.

§1332 (diversity of citizenship). Plaintiff seeks payment of supplemental life insurance benefits under an employee welfare benefits plan sponsored by Bridgestone Americas, Inc. (the "Plan") and this lawsuit is governed by ERISA.

**2. Plaintiff's theory of the case.** The Deceased was an employee of Bridgestone. One of the benefits offered to employees was the option to purchase "Supplemental Life Insurance" provided through the Defendant. On a date uncertain but between December 2, 2012 and prior to January 29, 2013, the Deceased executed an "enrollment form" to enroll in the Supplemental Life Insurance. On the Enrollment Form in a box titled "Coverage Effective Date", the Deceased wrote in "12/02/12" indicating that he wanted the coverage date of the Supplemental Life Insurance ("policy") to be December 2, 2012. He designated the Plaintiff to be the beneficiary of the proceeds of the policy. At the time that the Deceased originally executed this Enrollment Form, he did not sign and date the form. After the Deceased completed the Enrollment Form, he returned the form to the Defendant. When the Defendant received the unsigned and undated Enrollment Form from the Deceased, it returned the Enrollment Form to the Deceased accompanied by a letter dated January 29, 2013 requesting that he fully complete the Enrollment Form with his signature. On or about February 7, 2013, the Deceased signed and dated the Enrollment Form and returned it to the Defendant. On January 31, 2015, the

Deceased committed suicide. Thereafter, the Plaintiff filed her claim for the policy of Five Hundred Twenty Thousand Dollars ($520,000). One of the terms and conditions of the policy was that benefits would not be paid if the Deceased committed suicide within two (2) years of the date that the policy took effect. The Defendant denied the Plaintiff's claim contending that the policy took effect on March 1, 2013 the first day of the calendar month after the Deceased completed the enrollment form on February 7, 2013 and that the Deceased committed suicide within two (2) years from the date that the policy went into effect. The Plaintiff contends that the policy had an a effective coverage date of December 2, 2012 which was more than two years before the suicide and the Defendant is liable to the Plaintiff for the Five Hundred Twenty Thousand Dollars ($520,000) benefits. The Plaintiff would submit that the Defendant's decision was arbitrary and capricious, was not reasonable and/or rational and was not made pursuant to the terms and conditions of the Plan and the facts of this case.

3. **Defendant's theory of the case.** MetLife issued a group life insurance policy to Bridgestone Americas, Inc., as the policyholder and sponsor of the Plan. Bridgestone Americas, Inc. offered certain life insurance benefits to eligible Plan participants pursuant to the group policy. Among the benefits offered were Basic Life Insurance and Contributory Insurance, which included Supplemental Life Insurance.

There were eligibility requirements for Supplemental Life Insurance under the Plan. Plaintiff's decedent, Mr. Brad Hansen, submitted an incomplete enrollment form for Supplemental Life Insurance to MetLife that was neither signed nor dated. MetLife returned the original of the incomplete enrollment form to Mr. Hansen by letter dated January 29, 2013. MetLife subsequently received a completed enrollment form signed by Mr. Hansen and dated February 7, 2013. Mr. Hansen's Supplemental Life Insurance became effective on March 1, 2013, the first day of the calendar month after Mr. Hansen submitted the completed enrollment form.

Mr. Hansen committed suicide on January 31, 2015. Under the Plan, Supplemental Life Insurance benefits will not be paid if the Plan participant commits suicide within 2 years from the date the life insurance took effect. Mr. Hansen committed suicide within 2 years from March 1, 2013, the date on which his Supplemental Life Insurance took effect. Under the terms of the Plan, MetLife paid the Basic Life Insurance benefits to Mr. Hansen's designated beneficiary but determined that payment of Supplemental Life Insurance benefits to Plaintiff was excluded. Plaintiff is not entitled to Supplemental Life Insurance benefits or any other relief.

MetLife's benefits determinations were final, conclusive and binding under the terms, requirements, conditions and exclusions of the Plan. MetLife is granted

discretion under the Plan, and its determinations are subject to the deferential arbitrary and capricious standard of review by this Court. MetLife's benefits determinations were reasonable and rational, were not arbitrary and capricious or an abuse of discretion, and were not made in bad faith. MetLife provided a full and fair review of Plaintiff's claim. MetLife discharged its duties in the interest of the Plan participants and in accordance with the terms of the Plan and ERISA.

4. **Identification of the issues.** There are no issues regarding this Court's subject matter jurisdiction, personal jurisdiction, venue, or service of process. All of the substantive issues raised by the Complaint and Answer, including affirmative and additional defenses, remain unresolved.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedures.** None

**6. Witnesses, if known, subject to supplementation by each party.** None.

**7. Initial Disclosures and Discovery.**

A. Administrative Claim File. The Defendant will file the Administrative Claim File with the Court and serve a copy of same on Plaintiff by **December 4, 2015.**

B. Initial Disclosures. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis

that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

C. Fact Discovery.

Should the Plaintiff seek discovery in this case, the Plaintiff will serve such proposed discovery on the Defendant within 60 days from the date the Administrative Claim File is provided to Plaintiff, and Plaintiff shall contemporaneously file a Motion for leave to conduct discovery.

8. **Dispositive Motions.** The parties will file their respective Motions for Judgment on the Administrative Record by **February 1, 2016** if no additional discovery is sought by Plaintiff. If Plaintiff seeks to serve discovery and is allowed by the Court to do so, the Parties shall file their respective Motions for Judgment on the Administrative Record sixty (60) days after the proposed additional discovery is completed, if allowed, or sixty (60) days after the Court rules that the discovery may not be had.

The parties will file response briefs to the opposing party's motions by **March 1, 2016**, or thirty (30) days after the date the opposing party files and serves her/its respective motion for judgment, whichever date is later.

The parties will file reply briefs, if any, to the opposing party's response brief, by **March 15, 2016** or within fourteen (14) days after the date the opposing party

files and serves her/its response brief, whichever date is later.

Opening and response briefs shall not exceed 25 pages. Reply briefs shall not exceed five (5) pages. The parties will not exceed the page limitations without permission of the Court.

9. **Other deadlines.** At this time there appears to be no need for counterclaims, cross-claims, third-party claims, amendments, or joinder. Any motions to amend the pleadings must be made by **January 4, 2016.**

10. **Subsequent case management conference.** The parties do not anticipate the need for subsequent case management conferences. If such a need arises, the parties may contact the Court to schedule another case management conference. Otherwise, any party may file a motion seeking further case management.

11. **Alternate dispute resolution.** It is too early to tell whether the parties may be able to negotiate toward settlement. The parties will discuss the possibility of settlement after the ERISA Administrative Claim File is provided to Plaintiff.

12. **Consent to trial before the Magistrate Judge.** The parties do not consent to trial before the Magistrate Judge.

13. **Target trial date.** A trial is not permitted in this civil action under ERISA. *See Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609 (6th Cir. 1998).

It is so ORDERED on this the _____ day of October, 2015.

_____
E. Clifton Knowles
United States Magistrate Judge

**Respectfully Submitted:**
s/ Patrick Johnson_____
Patrick Johnson, Esq.
TN. BPRN 07339
Attorney for the Plaintiff
Johnson, Scruggs & Barfield
95 White Bridge Road
Cavalier Building, Suite 508
Nashville, Tennessee 37205
Office Phone: 615-352-8326
Cell Phone: 615-646-9417
Email: patrickjohnson@jsblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served through the Court's electronic filing system this 2nd day of October, 2015 on the following:

Ms. Patricia Head Moskal, Esq.
Mr. Joshua J. Phillips, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025